UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Patrick L. Booker, #297590,    ) C/A No. 2:09-01891-HMH-RSC
                               )
                  Plaintiff,   )
                               ) REPORT AND RECOMMENDATION
v.                             )
                               )
Vera Jenkins,                  )
                               )
                               )
                  Defendant(s).)
                               )

Patrick L. Booker (Plaintiff) files this civil action pro se pursuant to 42 U.S.C. § 1983 and *in forma pauperis* under 28 U.S.C. § 1915.[1] Plaintiff currently is incarcerated at Lieber Correctional Institution, a facility of the South Carolina Department of Corrections. In this complaint, Plaintiff states that he is being retaliated against for pursuing grievances against the defendant. Plaintiff seeks damages and injunctive relief.

Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.). This Court is required to liberally construe *pro se* documents, *Erikson v. Pardus*, 551 U.S. 89

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1), and Local Rule 73.02(B)(2)(e) D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

(2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980).

Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

This complaint has been filed pursuant to 28 U.S.C. § 1915 which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may

be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Id.* at 32. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

## DISCUSSION

In order to state a retaliation claim, the "plaintiff must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994). An inmate must present more than conclusory allegations of retaliation. *Id.* at 74. To state a prima facie claim of retaliation under § 1983, an inmate must allege facts showing that his exercise of a constitutionally protected right was a substantial factor motivating the retaliatory action. *See, e.g., Hughes v. Bledsoe*, 48 F.3d 1376, 1386 n. 11 (4th Cir. 1995) (citing *Mt. Healthy City School Dist. Bd. of Education v. Doyle*, 429 U.S.

3

274 (1977); *Wagner v. Wheeler*, 13 F.3d 86, 90-91 (4th Cir. 1993). Plaintiff must also allege that, as a result of the retaliatory action, he suffered some adverse impact on the continued exercise of his constitutional rights. *American Civil Liberties Union v. Wicomico County*, 999 F.2d 780, 784 (4th Cir.1993) (finding that changes in prison regulations created a mere inconvenience to the exercise of constitutional rights and the inconvenience alone was not enough to constitute actionable retaliation).

Here, plaintiff has not invoked a constitutionally protected right. Plaintiff claims that he has suffered from retaliatory conduct by the defendant for utilizing the institutional grievance system. However, inmates have no constitutionally protected right to a grievance procedure. *See Adams v. Rice*, 40 F.3d at 75; *Blagman v. White*, 112 F. Supp. 2d 534, 542 (E. D. Va. 2000) (inmate has no constitutional entitlement to grievance procedure); *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W. D. Va. 2000) ("a prison official's failure to comply with the state's grievance procedure is not actionable under § 1983").

As Plaintiff has failed to allege that the defendant's retaliatory acts were taken "in response to the exercise of a constitutionally protected right or that the act itself violated such a right," *Adams*, 40 F.3d at 75, Plaintiff's retaliation claim against the defendant is not cognizable under 42 U.S.C. § 1983 and is subject to summary dismissal.

## RECOMMENDATION

Accordingly, it is recommended that this complaint be dismissed *without prejudice* and without issuance and service of process. **Plaintiff's attention is directed to the important notice on the next page.**

_____
Robert S. Carr
United States Magistrate Judge

July **30**, 2009
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).