IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Patrick L. Booker, #297590, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 2:09-1891-HMH-RSC |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Vera Jenkins, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Robert S. Carr, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Patrick L. Booker ("Booker"), a pro se state prisoner, filed a civil rights action under 42 U.S.C. § 1983 and § 1915. Booker alleges that Defendant, Vera Jenkins ("Jenkins"), retaliated against him for exercising his right to file a grievance utilizing the institutional grievance system. After careful review of the pro se complaint, Magistrate Judge Carr recommends that the complaint be dismissed.[2]

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

[2] "To prevent . . . abusive or captious litigation, § 1915(d) authorizes federal courts to dismiss a claim filed *in forma pauperis* if . . . the action is frivolous or malicious. Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

Booker filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Booker's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Booker argues that the magistrate judge erred in finding that he has not invoked a constitutionally protected right. (Objections 1-2.)

In his complaint, Booker alleges that Jenkins filed a "disciplinary offense against [him] *in retaliation for having filed and pursued [a] grievance against [Jenkins*, who] would not have filed the afore-said disciplinary charge against me had I not grieved her." (Compl. ¶ 3.) (emphasis added). Hence, according to his complaint, Booker alleges that Jenkins retaliated against his constitutionally protected right to file a grievance utilizing the prison's grievance procedure. The magistrate judge concluded that Booker fails to articulate a constitutionally protected right in support of his retaliation claim. (Report & Recommendation 4.) Booker objects arguing that the magistrate judge erred because "a prisoner . . . [has] a constitutional right to utilize a prisoner grievance system/procedure without suffering retaliation if such a system . . . is provided or otherwise is available within the prison that such prisoner is imprisoned." (Objections 2.) This objection is without merit.

Booker filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Booker's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Booker argues that the magistrate judge erred in finding that he has not invoked a constitutionally protected right. (Objections 1-2.)

In his complaint, Booker alleges that Jenkins filed a "disciplinary offense against [him] *in retaliation for having filed and pursued [a] grievance against [Jenkins*, who] would not have filed the afore-said disciplinary charge against me had I not grieved her." (Compl. ¶ 3.) (emphasis added). Hence, according to his complaint, Booker alleges that Jenkins retaliated against his constitutionally protected right to file a grievance utilizing the prison's grievance procedure. The magistrate judge concluded that Booker fails to articulate a constitutionally protected right in support of his retaliation claim. (Report & Recommendation 4.) Booker objects arguing that the magistrate judge erred because "a prisoner . . . [has] a constitutional right to utilize a prisoner grievance system/procedure without suffering retaliation if such a system . . . is provided or otherwise is available within the prison that such prisoner is imprisoned." (Objections 2.) This objection is without merit.

"[C]laims of retaliatory actions are legally frivolous unless the complaint implicates some right that exists under the Constitution." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Thus, Booker "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right. A claim of retaliation that fails to implicate any constitutional right lacks even an arguable basis in law, and is properly subject to dismissal under § 1915(d)." Id. (internal quotation marks and citation omitted). As to Booker's claim, "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Id. Accordingly, Booker's objection is without merit.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts the magistrate judge's Report and Recommendation.

It is therefore

**ORDERED** that Booker's complaint, docket number 1, is dismissed.

**IT IS SO ORDERED**.

               s/Henry M. Herlong, Jr.
               Senior United States District Judge

Greenville, South Carolina
August 11, 2009

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.